Mr. Schultz. May it please the Court, Your Honors. Barry Schultz on behalf of the Plaintiff Stephen Sprinkle. The Plaintiff is alleging that the District Court abused its discretion in failing to grant an increase, a cost-of-living increase, to the EJA statutory hourly rate of $125 per hour. The District Court granted only the $125 per hour rate. In his motion to the District Court, Plaintiff provided his attorney's hourly rate of $275 an hour. Plaintiff also provided affidavits from four attorneys who have comparable experience to Plaintiff's attorneys, explaining what their hourly rates were. In addition, Plaintiff provided the Consumer Price Index, establishing the increase in the cost of living since 1996 when the $125 per hour rate was implemented by Congress. The District Court in this case rejected the affidavits as sufficient evidence, apparently because of certain language in this Court's opinion in the Matthew Sheets case. But the Court did not actually address the question of the prevailing market rate. The District Court did not indicate that Plaintiff failed to properly provide the prevailing market rate. And perhaps more importantly in this case, the Commissioner in no time during this litigation has the Commissioner presented any contrary evidence. The Commissioner did not present any affidavits from attorneys indicating that the prevailing market rate would be less than that established by Plaintiff. Mr. Schultz, a couple of questions. Is it correct that under the Equal Access to Justice Act, counsel can recover fees incurred in pursuing the fee issue? That's correct. So presumably Congress doesn't want this to become the equivalent of a utility rate case? I believe that's correct, yeah. With a huge accounting puzzle at public expense. Yes, Your Honor. You probably are a lot closer to this than I am, but at least a quick survey indicated what might be described as a fair amount of inconsistency in applying Matthew Sheets within the Northern District of Illinois and other District Courts in this circuit. Is that accurate in your experience? There is some inconsistency. It seems like there's mostly consistency in the District Courts finding that not a great deal of documentation would be required from attorneys as to their personal underlying office expenses. And in addition that most District Courts do not require that the lawyer prove that there would be no competent attorney willing to handle the case for $125. Even though that's what part of the language in Matthew Sheets says, right? Correct. Could you explain to us, just from a practical standpoint, Mr. Schultz, how the interaction of the availability of a percentage fee based on back pay for the administrative proceedings fits together with fee awards under the EAJA? Yes. Well, first, Equal Access to Justice Act awards are possible after a District Court or this Court remands the case back to the administration. And it's only for judicial? It's only for judicial, and it doesn't matter at that point whether the claimant has been awarded benefits or not. There may be no past due benefits yet, but the EJIP fees are still available to counsel. For just a remand? For just a remand, that's correct. Well, then when the case goes back to the agency, if the plaintiff is successful in getting benefits, the attorney can be awarded fees under 42 U.S.C. 406A for work done at the administrative level. The attorney also potentially could seek fees under Section 406B for work done in court to be paid out of the claimant's past due benefits. If those fees are awarded, then there's an offset of any EJIP fees awarded such that the counsel would have to refund to his or her client the amount of the EJIP fees that were awarded. Okay. And in the fees awarded out of back benefits, how do those typically compare in terms of an effective hourly rate? It's somewhat difficult to say because, at least in my experience, the vast majority of cases, there don't end up being 406B fees because the past due benefits aren't sufficient to warrant any additional fees after the 406A fees. And it really would run the gamut because if a case is being sent back on remand, that means the attorney has handled two administrative hearings. It could be 20 hours of administrative time. It could be way more than that. There's generally a fee maximum of $6,000 at the administrative level, although an attorney might, depending on what their fee agreement calls for, they might be able to petition for more. So it's difficult to say. Fees could be $100 an hour. They could be $500 an hour. And to make sure that I understand your proposal correctly, you've called it the no-windfall method. In your brief, I don't know, whatever we call it, would it be fair to say that you're proposing that the award should be at a rate that's the lower of either the actual market rate or the inflation-adjusted rate? That's correct. That's what we're suggesting. In Matthew Sheets, this Court expressed some concern that there not be a windfall to counsel. But without relitigating, as lawyers in Chicago or Indianapolis or Madison, Wisconsin, the calculation of the consumer price index or the producer price index. I'm not sure I understand the question. Well, I guess my question, I'll have this question for the counsel for the government as well. But my basic question is whether we really want to follow a rule that requires magistrate and district judges and counsel to try to replicate the producer price index for legal services or the consumer price index calculations that the Bureau of Labor Statistics already does pretty well. That's correct. And prior to Matthew Sheets, at least in my experience, that was never questioned. The commissioner never questioned that there should be a cost of living increase to the hourly rate. They sometimes questioned which of the consumer price indexes was the most appropriate. That's not an issue in this case. But they never questioned the underlying fact that the consumer price index was sufficient. Have there been any other cases which added to the statute those requirements? In other words, inflation and so forth. Well, I mean, inflation, I think, prior to Matthew Sheets was to some in this circuit, it seemed like it was plaintiff had to prove up inflation through the consumer price index. And then it was pretty much just adopted uniformly. Nothing more was required. And so basically you would like things to return to pre-Matthew Sheets? Well, yes. I guess with the exception that what the Matthew Sheets opinion did state is that attorneys should have to at least initially prove up what the prevailing market rate is. Right. And I don't think lawyers weren't doing that previously. They weren't doing that. So that would be the addition, show the additional market rate, then go to the CPI. That's correct. In other words, okay. But it's a really weird market rate, right, because we've got a criminal prohibition on non-contingent fees in this context, right? Correct. Because we see a lot more fee cases involving civil rights statutes where we have to pretend it's all non-contingent and somebody in your shoes would have to say, okay, what do I charge clients who are going to be paying me by the hour? And, you know, people have figured out ways to deal with that and we've wrestled with that. But this is a very unusual situation where not only does that not happen in the market, but it's even prohibited. That's correct. So that's why I think in this case the claimant submitted affidavits from a couple of lawyers who also do ERISA-type work. So they used the hourly rate for that. Or the one lawyer submitted an affidavit and he said what the rate is that he charges other lawyers who hire him to do Social Security work from time to time on an hourly basis.  Thank you. Thank you, Counsel. Ms. Freeberg. May it please the Court and Counsel, Cynthia Freeberg, on behalf of the Acting Commissioner of Social Security, Carolyn Colvin. Appellant Sprinkles is asking this Court to find that the District Court abused its discretion by applying Matthew Sheets' good law to his EJA motion. Good law in this circuit, right? Yes. Yes. For applying good law in this circuit to his EJA petition and finding that he did not submit sufficient evidence to justify an increase in the statutory rate of $125. That's consistent with the plain language of the EJA, which states that the attorney fees are capped at $125 an hour unless the Court determines that a cost of living or a special factor justifies a higher rate. Now, of course, that $125, that was implemented in 1996 and you agree that the cost of providing legal services has increased since 1996 and the cost of living has increased since 1996. I understand that is current law. It's debatable whether or not we should follow Matthew Sheets from a practical standpoint and also just knowing the reality of, you know, you have prevailing parties under EJA and whether they should be entitled to those fees. But you acknowledge that things have changed a lot since 1996 in terms of the cost of living and in terms of how lawyers are paid on an hourly rate. Yes, they have. And do you think that in 1914 the statutory rate of $125 is sufficient to attract competent legal counsel to take on Social Security disability cases? I don't know that. But the District Court thought that it was sufficient and that Sprinkle did not submit sufficient evidence to justify an award of a higher fee. This is an abuse of discretion. Well, she provided all these affidavits from other, well, four affidavits from other lawyers and under this test now in Matthew Sheets, you know, it would be difficult for a claimant to go about proving there were no attorneys in the region willing to work for the rate requested. Isn't it very difficult to prove a negative? Well, yes, it is. And we don't read Matthew Sheets as requiring proving a negative. We read Matthew Sheets to require the particular attorney to justify the inflation adjustment with reference to his or her particular circumstances of the lawyer seeking the increase and also to show that inflation has affected the cost of legal services and the relevant geographical community such that there would not be any lawyer to take the case. Counsel, I'm a little confused. Maybe this is attributable not to the briefs but to this court. But it's obviously producing some confusion in the District Courts. Judge Finnegan wrote in the Claiborne decision that even if a plaintiff produces affidavits from 99 percent of the attorneys in the metropolitan area of Chicago saying they would not handle a Social Security case for $125 an hour, that would not literally satisfy the Matthew Sheets standard. Do you agree with that? Well, I don't believe the Matthew Sheets standard is requiring an affidavit from 100 percent of the attorneys in the relevant geographical community. And in the Claiborne case, it was magistrate Judge Finnegan's discretion to find that whatever was submitted to justice Let me come at this from a slightly different angle. On the record that was presented to Judge Norgel, would it have been an abuse of discretion to grant the adjusted rate that plaintiffs sought? I don't think so, no. Okay, so this starts to sound like we're getting pretty arbitrary and potentially whimsical about what is by now a pretty significant economic issue within this practice area. Well, I think it's within the court's discretion. I don't think a difference of opinion is not an abuse of discretion. I don't think that means that a court is being arbitrary if they don't find the proofs sufficient. And actually, perhaps it would be an abuse of discretion for a court to have awarded fees based on this evidence. Looking at these affidavits, they give varying hourly fees for their non-contingent work. For example, Mr. Daley... I assume they're all well above 125. Yes. Yeah. And Mr. Schaffner gave his rate for providing work to attorneys not representing clients. It's questionable if they're all from the relevant geographical community, considering Mr. Travers in Eagle, Wisconsin. The two additional declarations submitted with the 59E motion, one of those from Mr. Sutterfield indicates his legal practice includes representation under the Illinois Nursing Home Care Act, which I don't know if that has a fee cap. So we could be dealing with apples and oranges here. What evidence do you think would require a district court to provide a CPI-adjusted rate? Well, I don't think that there is a specific list. It's not a matter of having a checklist, okay, they submitted A, B, and C, they get the rate. I think it's within the court's discretion because the plain language of the EJIP put it in the court's discretion. It didn't say if a plaintiff's attorney submits this, this, and this. The EJIP states unless the court determines that the increase. It seems that in the wake of Matthew Sheetz, there's a fair amount of litigation, particularly in the Northern District of Illinois, over these affidavits about different lawyers' costs. Legal costs for legal research, costs for rent, costs for health insurance, et cetera, right? Yes. Given that the statute is written in terms of increased cost of living, and we worry about market rates to consumers of legal services, why should we be worried about the input costs for lawyers at all? And let me give you an example. I'm worried that this interpretation of Matthew Sheetz that seems to have been growing, at least to some extent, would, for example, suggest that there should be different rates paid to lawyers who rent prime office space in the loop and lawyers who work out of their homes. That wouldn't seem to me to make any sense at all. Well, under Matthew Sheetz, Judge Posner wrote that the lawyer has to show that his particular circumstances. Tie that to the statute for me. The statute gives the court discretion. The statute puts a cap on the fees at $125 an hour unless the court determines that the cost of living justifies a higher rate. Interpreting the statute in Matthew Sheetz, Judge Posner held that an inflation adjustment must be justified by reference to the particular circumstances of the lawyer seeking the increase. Is that what cost of living means is used in the statute? Or is that narrow, as Judge Posner wrote? Well, Judge Posner is saying, here's the CPI, how did it affect this attorney? And he states that it affects different markets differently, different individuals differently, and in some cases it could produce a windfall. Right, and the market, if we use a market rate, that would take care of the potential windfall, right? As a cap, if the market rate is a cap. But the market rate is not a cap under the express words of the Aegis statute. They didn't say market rate. Well, it would be very hard to justify an above market rate, wouldn't it? Yes, because it would produce a windfall. Right. But our position is that it's not automatically the market rate under the plain language of the Aegis. I know the hand you've been dealt here by this court, and it's a difficult one. It's a difficult one apparently for everybody. My question, in essence, is whether the government really wants, for example, to re-litigate case by case the producer price index for legal services or the consumer price index in proceedings in which the government winds up paying both sides' lawyers for the litigation. I don't think Matthew Sheets instructs the government or the courts to re-litigate what the CPI is. I think you've said in your brief that cost information from six attorneys is not enough. The district court found that it was not enough, and that was not an increase of discretion. So how many would it take? It's within the court's discretion. So then we're back. It's very difficult. The statute doesn't require what Matthew Sheets does. And if we go back to the way things were prior to Matthew Sheets, I mean, did you have any trouble with the cost of living enhancement being based on the CPI before Matthew Sheets? I mean, it was within the court's discretion. Lawyers had to show what the market rate was, what the CPI was, and then it was within the court's discretion to determine what that amount was. It was the court to make the determination whether or not there was a windfall. I mean, is there any problem going back, crossing, taking Matthew Sheets off the books, going back to how it was before? I mean, it just doesn't seem like there was this level of confusion before. Well, I don't know that there is confusion. Like I said, I think a difference of opinion in the district courts doesn't amount to an abuse of discretion for those courts that have capped fees at $125 an hour, given the plain language of the EJA. But see, I think Matthew Sheets is misreading EJA. I mean, I think EJA gives some latitude and increase in the cost of living or a special factor and actually identifies, at least one of them, limited availability of qualified lawyers for proceedings involved in order to get the higher fee. I think Matthew Sheets sets a higher standard and reads something into the Act that's not there. And I think it conflicts with Supreme Court precedent, holding that fees should be based on prevailing market rates, not attorneys' costs. And I think analyzing particularized cost data is very difficult and burdensome. I don't know that that's necessarily what is required or what a district court is requiring. I see I'm out of time. You've been out of time for quite a while. But aren't we just adding on, speaking of time, adding more time to require these prove-ups of the additional things that were added to the statute by our case? Aren't we, in other words, more works involved because of the way the case was written? More work by the lawyers? I think it depends on the facts of the case and what is submitted to the district court. And I do, to bring this full circle, in any event, the district court in this case did not abuse its discretion. Matthew Sheets is good law, as we stand here today. So how did the district court abuse its discretion? It didn't. It applied Matthew Sheets. It found the evidence submitted by Mr. Sprinkle to not be sufficient. Well, there's been some indication of it. It's hard to criticize the district judge for his handling of this case. I agree. The issue is with us. Right. We'll rest on our brief. Thank you. Thank you. If the court finds the district court did not abuse its discretion, plaintiff would still request that, if the court reinterprets the proper process for analyzing whether a cost of living award is justified, that the court remand the matter back to Judge Norgo for him to properly determine what the hourly rate would be. I think Matthew Sheets really brings up that. Well, the adage that bad facts make bad law was the way the plaintiff litigated the case, and Matthew Sheets caused this court to have to go into some discussion without any real guidelines, and it really brought us to this place. Thank you, Your Honor. Thank you, counsel. Thanks to both counsel. The case will be taken under advisement. The court will take a brief recess.